**DORR CO., Inc., et al. v. POPLAR GROVE PLANTING & REFINING CO., Inc., (GRAVER TANK & MFG. CORPORATION, et al., Interveners).**

**No. 24.**

District Court, E. D. Louisiana.

Feb. 9, 1940.

John E. Hubbell, of New York City, and John E. Jackson, of New Orleans, La., for plaintiffs.

Wilkinson, Huxley, Byron & Knight, of Chicago, Ill., and Taylor, Porter & Brooks, of Baton Rouge, La., for defendant and intervenors.

BORAH, District Judge.

Intervenors apply for an injunction pendente lite enjoining plaintiffs from committing the following acts, pending final determination of this cause or until further order of this Court:

1. From proceeding with the prosecution of their suit against Yabucoa Sugar Company, now pending in the District Court of the United States for Puerto Rico, File No. 2445, Equity, for the alleged infringement of the same two patents, 1,-503,657 and 1,686,203 involved in this suit;

2. From bringing or prosecuting any suit or suits for alleged infringement of said Letters Patent 1,503,657 and 1,686,-203, or either of them, on account of the purchase or use of a "Seip Clarifier" manufactured by said intervenors or sold by said intervenors; and

3. From sending out circulars, threatening letters or statements, written or otherwise, in an attempt to intimidate intervenors' customers or prospective customers by reason of their purchase or proposed purchase; or use or proposed use, of a "Seip Clarifier" of intervenors' manufacture or sale.

The Graver Tank & Mfg. Corporation is the manufacturer and Graver Tank & Mfg. Co., Inc., is the vendor to this defendant and to others of clarifying apparatus known in the trade as the "Seip Clarifier", and which is sold under an agreement with the purchaser, contractually binding the intervenors to defend the purchaser against suits for infringement by reason of the use of said "Seip Clarifier." It is not alleged that intervenors are under any contractual obligation to plaintiffs.

Since the commencement of the present suit plaintiffs have filed suit in the District Court of the United States for Puerto

Rico against the Yabucoa Sugar Company, another purchaser and user of intervenors' sugar juice clarifying apparatus, and apparently of identical construction to that complained of in the present suit. The infringement of plaintiffs' process patent 1,503,657 charged in the present cause and the infringement of that process patent charged in the Puerto Rico suit involves however the manner and purpose of the use of the "Seip Clarifier", and the use charged to be an infringement in the Puerto Rico case goes beyond the use charged to be an infringement in the present suit. Consequently plaintiffs charge infringement in the Puerto Rico suit, but do not charge infringement in this cause, of claim 3 of patent 1,503,657, which claim sets forth an improved method of separating sugar juices from solid matter admixed therewith in which the solids are settled out of and separated from the main body of juice in the form of a sludge or "thickened product" and in which the sludge is subjected to filtration; said method being characterized by the fact that the filtration is effected continuously in a filter of the reduced pressure type, and by the fact that the solid settling steps specified in the claim are adapted to continuously produce a sludge or thickened product of such character that its continuous filtration in a filter of the reduced pressure type is economically feasible.

The issues involved in the two suits are, therefore, not the same, and the question of validity of claim 3 of the process patent, and infringement thereof by the use of the sugar juice clarifying apparatus of intervenors' manufacture and sale in the manner in which it is used with a continuous filter in Puerto Rico, and the question of recovery of profits and damages for such use cannot be tried in the present cause.

The president of the plaintiff The Dorr Co., Inc., acting on the advice of counsel, and in good faith, for the purpose of securing enforcement of plaintiffs' patent rights, after plaintiffs had received salesmen's reports and other information to the effect that efforts being made to sell Seip clarifiers included representations to prospective customers that plaintiffs' two patents relied on in this cause and in the Puerto Rico suit are invalid, and in the belief that the said patents are valid and with the expectation and hope of obtaining a substantial monetary recovery based on the advantages and savings derived by the respective defendants from their infringements, authorized the initiation of this cause and the initiation of the Puerto Rico suit, being influenced to authorize the initiation of the Puerto Rico suit, prior to the trial of this cause, by his understanding and belief that the use in Puerto Rico infringed claim 3 of patent 1,503,657, and that defendant in this cause had not infringed or threatened to infringe that claim; and by the fact that plaintiffs have at all times considered that claim to be a valuable one and have licensed the use of the methods set forth therein in many sugar juice clarifying plants in this and other countries. So far as appears in this case there has been no use of the Seip clarifier in the method of claim 3 of patent 1,503,657 other than the use complained of in the Puerto Rico suit.

Before initiating this suit, plaintiffs notified defendant Poplar Grove Planting & Refining Co., Inc. of its infringement and offered to license its use of the Seip clarifier on reasonable terms, but defendant denied infringement and asserted the invalidity of each of plaintiffs' two patents, and ignored plaintiffs' license offer.

Before starting the Puerto Rico suit plaintiffs notified the Yabucoa Sugar Company, defendant in that suit, of its infringement and likewise offered to license its use of the Seip clarifier, but the Yabucoa Sugar Company, characterizing plaintiffs' license offer as "premature" denied infringement of the patent 1,686,203, and asserted the invalidity of both patents.

So far as appears, there has been no infringement of plaintiffs' Coe patent 1,685,-203 except for the manufacture, sale and use of the Seip clarifier. There have been prior infringements, from time to time, of plaintiffs' McHugh patent 1,503,657, but plaintiffs have never acquiesced in such infringements and have made successful efforts to terminate them in two earlier infringement suits brought in this Court, one started in February, 1929 against David W. Pipes, Jr. et al in the New Orleans Division of the Eastern District of Louisiana, Equity No. 19,423, and the second started in the New Orleans Division of the Eastern District of Louisiana against Godchaux Sugars Incorporated in September, 1934, Equity No. 220. Each of these suits was dismissed in accordance with a settlement agreement which gave to plaintiffs a substantial recompense for the in-

fringement of their patent rights and included an acknowledgment by the defendants in the suit of their infringement and the validity of plaintiffs' McHugh patent, and in each of said two prior suits plaintiffs charged infringement of at least one of the claims of the McHugh patent on which plaintiffs are now relying in this cause and in the Puerto Rico suit, but the defendants in said prior suits had not infringed, and were not charged with infringement of claim 3 of the McHugh patent.

Plaintiff The Dorr Co., Inc., was informed as early as March, 1939 that the Garden City Company of Garden City, Kansas, had given an order for the Seip clarifier referred to in intervenors' motion, and intended using said clarifier in the practice of the method specified in claim 3 of the McHugh patent, but at the time in which the Puerto Rico suit was initiated, the Seip clarifier ordered by the Garden City Company had not been installed. On March 28, 1939, plaintiffs notified the Garden City Company that its intended use of the Seip clarifier would infringe the Coe patent 1,686,203 and the McHugh patent 1,503,657, and offered to license such use upon payment of a royalty of $3,000. On June 1, 1939, by letter, the Garden City Company deferred giving a definite answer to plaintiffs' offer pending further consideration, and on August 7, 1939, in response to a letter from plaintiffs of June 30, 1939, the Garden City Company requested further postponement of any license negotiations in view of the pendency of this cause and because the installation at its plant had not as yet been completed or the clarifier actually put in use by it.

It does not appear that there have been any other suits or threats of suits against purchasers and users of intervenors' sugar juice clarifier or that beyond what is above recited there have been any threats to prospective purchasers by letters or by oral statements or any acts on the part of plaintiffs calculated to interfere with intervenors' business or to cause prospective purchasers of their apparatus to hesitate to buy. It is asserted in intervenors' motion papers that the plaintiffs' corporations are powerful, but it is also averred that the intervenors are financially responsible and able to respond for any damages to plaintiffs or profits made by defendant and intervenors by reason of the manufacture, sale and use of the Seip clarifier, and it does not appear that intervenors are any less powerful than plaintiffs.

 The issues involved in the Puerto Rico suit are not the same as the issues involved in this case and judgment as to validity or infringement in the present cause would not be dispositive of the cause of action in the Puerto Rico case.

It does not appear that plaintiffs have threatened or are threatening prospective purchasers of intervenors' apparatus without warrant of justification or for the purpose of annoying and harassing intervenors and their customers. The above recited acts of the plaintiffs in assertion and enforcement of their patent rights are acts reasonable and proper for the orderly and lawful enforcement of those rights.

Intervenors' motion° for an injunction pendente lite is denied and the Clerk is directed to enter judgment accordingly.